513 So.2d 391 (1987)
STATE of Louisiana
v.
Fay BURNETT.
No. KA-6878.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
*392 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, William B. Faust, III, Asst. Attys. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Joseph H. McCusker, III, Asst. Dist. Attys., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
A jury found defendant guilty as charged of possession of cocaine in violation of La.R.S. 40:967. After adjudicating defendant a third-felony offender under La.R.S. 15:529.1, the court sentenced defendant to serve two and one-half (2½) years imprisonment. Defendant appeals raising only one assignment of error, the denial of her motion to suppress the evidence.
Travelling in an unmarked car and wearing "plain clothes", the two arresting officers were patrolling a high-crime area of the city known to them also to have a high incidence of illegal drug trafficking. The officers observed the defendant and a male companion, Calvin Dominick, standing together on a street corner where they knew illegal drug sales often occurred. The officers decided to park their car and observe whatever activity may occur on the corner.
As the officers watched, a man known to them as a dealer in illegal drugs approached the couple on the corner, spoke and shook hands with Mr. Dominick, and departed. Defendant and Mr. Dominick remained on the corner. A short time later the man returned, again spoke and shook hands with Mr. Dominick, and departed. Defendant and Mr. Dominick also left the corner walking together in a westerly direction on the sidewalk of the street.
Based upon their knowledge of the area, its inhabitants, and one of the participants in this encounter (knowledge gained through past experience and training broadly described by the officers in their testimony at trial), the officers suspected that they had observed an illegal-drug transaction. Acting on their suspicion the officers pulled their car into traffic and caught up with defendant and Mr. Dominick about one and one-half blocks from the corner. The officers pulled their car to a stop at the curb, got out of the car, and using their badges to identify themselves as police officers, they confronted the couple.
Upon initiation of the confrontation by the officers Mr. Dominick shouted "Police" and nudged defendant. Defendant looked up, saw the officers, and dropped a clear plastic bag containing the cocaine she is charged with possessing. One of the officers retrieved from the ground the bag of cocaine, and the defendant was arrested.
When confronted by the police defendant abandoned the bag of cocaine used as evidence against her which she sought to have the trial court suppress. There is no expectation of privacy when property is abandoned and no constitutional prohibition against seizure of abandoned property by police. State v. Ryan, 358 So.2d 1274, 1276 (La.1978). If, however, defendant's right to be free from governmental interference was unlawfully violated by the police, the bag of cocaine abandoned as a result of the confrontation was not legally seized and constitutionally cannot be used as evidence against her. State v. Saia, 302 So.2d 869 (La.1974); State v. Smith, 347 So.2d 1127 (La.1977).
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. Art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 (La.1979). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify *393 an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, supra; State v. Chopin, supra.
The officers testified that they suspected defendant and Calvin Dominick to have been involved in an illegal-drug transaction. If their suspicion was reasonable, that is based upon sufficient knowledge of facts and circumstances to justify stopping the couple, then the officers were authorized under La.C.Cr.P. Art. 215.1 to stop the couple and demand of them their names, their addresses, and an explanation of their actions. The officers knew that they were in an area with a high incidence of illegal-drug traffic, that the actions of the participants in the encounter they observed on the street corner were consistent with an illegal-drug transaction, and that one of the participants was a dealer in illegal drugs.
So-called high crime areas are places in which the character of the area gives color to conduct which might not otherwise arouse the suspicion of an officer. The reputation of an area is an articulable fact upon which a police officer may legitimately rely and which is relevant in a determination of reasonable cause. See: United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); State v. Buckley, 426 So.2d 103 (La.1983); State v. Sterling, 479 So.2d 641 (La.App. 1st Cir.1985), writ denied, 482 So.2d 626 (La.1986). The officers were also justified in relying on their prior experiences to recognize the activity they observed as consistent with an illegal drug transaction and to recognize one of the participants as a man known by them to deal in illegal drugs.
We find that the officers possessed sufficient articulable knowledge of facts and circumstances reasonably to suspect defendant and Calvin Dominick to have been engaged in criminal activity, specifically an illegal drug transaction. The officers' initial confrontation of the couple was, therefore, the lawful exercise of their right to conduct an investigatory stop under La.C.Cr.P. Art. 215.1. Defendant's abandonment of the bag of cocaine was not precipitated by any unlawful police conduct, so the seizure of the bag by the officer was lawful. The motion to suppress was properly denied.
Accordingly, we affirm defendant's conviction and sentence.
AFFIRMED.