649 So.2d 1187 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Raymond ARMENTOR, Defendant-Appellant.
No. CR94-745.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*1188 Patricia Head Minaldi, Asst. Dist. Atty., Paul Peter Reggie, Lake Charles, for State of Louisiana.
Donald Guidry, Public Defenders Office, for Raymond Armentor.
Before WOODARD, DECUIR and PETERS, JJ.
WOODARD, Judge.
The defendant was found guilty of possession of a firearm by a convicted felon and was sentenced to five years at hard labor without benefit of probation, parole or suspension of sentence and was also fined $1,000. The defendant appeals. Finding no error on the part of the trial court, we affirm.

FACTS
On August 7, 1993, Deputy Curtis Barber of the Calcasieu Parish Sheriff's Office spotted *1189 a truck in which the defendant, Raymond Armentor, was riding. Janet Henry, who had outstanding warrants for selling and buying drugs, was leaning into the truck, talking to Armentor and Deanna Domingue, the driver of the truck. Henry walked away from the vehicle, and the vehicle began to drive away. At that point, Deputy Barber pursued the truck and stopped it. As Deputy Barber was talking to Domingue, he noticed that Armentor was moving around. Barber asked Armentor to step out of the truck, and as Armentor did so, a crack pipe fell out of the truck onto the ground. Barber then arrested Armentor for possession of paraphernalia.
While Barber was bringing Armentor to the police car, Domingue, on instruction from Armentor, threw the crack pipe into a garden in an attempt to dispose of the evidence. Barber then searched Armentor and found fifteen to twenty .22 caliber rounds in his front pants pocket. Deputy John Brewer arrived, and Domingue was arrested. After she gave written consent to search the truck, Deputies Barber and Logan searched the vehicle and located a .22 caliber handgun under the passenger seat. They also found a brillo pad and marijuana seeds in the truck.
On September 10, 1993, Armentor was charged with a bill of information with one count of obstruction of justice, a violation of La. R.S. 14:130.1, and one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pled not guilty and requested a trial by jury. Subsequently, he filed a motion to suppress which was denied. On March 9, 1994, the trial court ordered the charges severed; he was then tried on the charge of possession of a firearm by a convicted felon. The jury found Armentor guilty, and he was sentenced to five (5) years at hard labor without benefit of probation, parole or suspension of sentence. Additionally, he was fined $1,000. Armentor now appeals alleging four assignments of error.

ASSIGNMENT OF ERROR NO. 1
By Armentor's first assignment of error, he contends that the evidence presented at trial was insufficient to sustain a conviction for possession of a firearm by a convicted felon.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. The relevant statute in the case sub judice, La. R.S. 14:95.1(A), provides, in pertinent part, that "It is unlawful for any person who has been convicted of ... simple burglary ... to possess a firearm or carry a concealed weapon."
Regarding the first element, Armentor pled guilty to one count of simple burglary on March 16, 1987, and as such, he is a convicted felon for purposes of La. R.S. 14:95.1. At trial, the State introduced into evidence Armentor's guilty plea form as well as the bill of information from that crime.
The second element of the crime is that the defendant possess a firearm or carry a concealed weapon. La. R.S. 14:95.1 does not require actual physical possession of a firearm upon the person of the accused; constructive possession of a firearm satisfies the possessory element of this provision. State v. Day, 410 So.2d 741 (La.1982). Constructive possession exists when the illegal object is subject to the defendant's dominion and control. State v. Johnson, 463 So.2d 778 (La.App. 4 Cir.1985).
Deputy Barber testified that he removed fifteen to twenty .22 caliber rounds from Armentor's front pants pocket. Deputy Logan stated that he searched the truck in *1190 which Armentor was a passenger and found a .22 caliber pistol under the passenger's seat. This was corroborated by Barber. Further, Deputies Brewer and Logan also saw the .22 rounds from Armentor's pocket that Barber placed in the bed of the truck. However, the bullets were not produced as evidence at the trial because they were left in the bed of the truck.
Contradictory testimony was presented by the defense. Ruby Turner, the mother of Domingue, testified that the gun was hers and that she had lent it to her daughter who was living alone. Domingue, who was Armentor's girlfriend, declared that she had earlier placed the gun under the seat in the middle to return it to her mother, but it must have slid under the passenger's seat while she was driving the truck. She also testified that she did not see any of the officers take bullets from Armentor's pocket.
Considering the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The jury could have found the testimony of the police deputies to be more credible, and therefore, felt that Armentor was in constructive possession of the pistol. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
By Armentor's second assignment of error, he contends that the trial court erred by permitting the State to introduce evidence of other crimes, thereby violating La.Code Evid. art. 402, 403, 404(B)(1), as well as violating his constitutional guarantees to a fair trial and due process of law. Specifically, Armentor objects to the introduction of the following evidence:
1. Deputy Barber's testimony that (a) he stopped the vehicle because he believed the defendant was trying to purchase narcotics; (b) defendant trying to kick a crack pipe out of the truck; (c) he saw marijuana seeds in a tray in the truck; and, (d) the brillo pad he seized from the truck was used to smoke crack cocaine.
2. The admission into evidence of a photograph of the crack pipe, Deputy Richard Reid's testimony that a crack pipe was found in the garden near the scene of the arrest, as well as the admittance of the crack pipe seized.
3. The State being permitted to question Deanna Domingue about whether the crack pipe and the brillo pad came from the vehicle and whether she and the defendant had smoked crack prior to being stopped.
Armentor asserts that they are evidence of other crimes, wrongs or acts and were introduced to depict him as a bad man.
The State, on the other hand, argues that all of this evidence was linked to the arrest of Armentor and as such was an integral part of his conduct and actions, and is thereby, admissible. We agree.
La.Code Evid. art. 404B(1) provides:
"Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." [Emphasis Added.]
In order to obtain a conviction in the case sub judice, the State was required to prove that Armentor had possession of a firearm. The .22 caliber rounds in his pants pocket and the .22 caliber pistol in the truck were located by the police only after Armentor was arrested. In order to prove that there was a legal search; therefore, the State had to introduce into evidence the precipitating events concerning the drugs and paraphernalia that led to a valid arrest of Armentor. The evidence of other crimes was not introduced so show that defendant acted in conformity therewith, but was introduced because it was an integral part of the act or transaction that was the subject of the proceeding. Thus, this assignment of error lacks merit.

*1191 ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, Armentor contends that Deputy Barber's investigatory stop was invalid; therefore, any evidence obtained as a result should be suppressed.
A valid investigatory stop exists if the law enforcement officer had reasonable cause to believe that the suspect had committed, is committing or is about to commit a crime. La.Code Crim.P. art. 215.1. In State v. Thibodeaux, 531 So.2d 284, 285 (La.App. 3 Cir. 1987), we held:
"Reasonable cause for an investigatory stop is something less than probable cause, but the officer must have `articulable knowledge' of particular facts, which in conjunction with reasonable inferences drawn therefrom is subject to provide reasonable grounds of past, present or future criminal activity."
At the hearing on the motion to suppress, Deputy Barber expressed two reasons for his investigatory stop, namely: (1) the truck was in a very high crime area known for drug activity; and, (2) he had seen Janet Henry, an individual known to Barber as having outstanding drug warrants, leaning into the truck in which Armentor was a passenger. Barber stated that he thought that the individuals in the truck might be buying drugs from Henry. Barber admitted, however, that he did not see Henry hand anything to Armentor or the driver of the truck.
In State v. Burnett, 513 So.2d 391 (La.App. 4 Cir.1987), officers made an investigatory stop of two individuals whom they had observed standing on a street corner in an area with a high incidence of illegal drug traffic. The two individuals spoke and shook hands with a known drug dealer in the area. The drug dealer then departed, but returned shortly and again spoke and shook hands with the two men. The officers knew that the above actions were consistent with a drug deal. The court found that the officers had reasonable cause and held:
"So-called high crime areas are places in which the character of the area gives color to conduct which might arouse the suspicion of an officer. The reputation of an area is an articulable fact upon which a police officer may rely and which is relevant in a determination of probable cause. The officers were also justified in relying on their prior experiences to recognize the activity they observed as consistent with an illegal drug transaction and to recognize one of the participants as a man known by them to deal in illegal drugs." [Citations omitted.]
Burnett, 513 So.2d at 393.
In the case sub judice, we find that Deputy Barber drew reasonable inferences from his knowledge of Janet Henry as a drug dealer combined with his knowledge of area as being known for drug activity. In this case, as in Burnett, the officer did not see anything exchange hands. Yet the circumstances were such that Barber could have had reasonable cause to believe that the individuals in the truck were in the process of committing a crime, specifically a drug deal. Because Barber had reasonable cause, his investigatory stop was valid. Thus, the motion to suppress was correctly denied and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
By Armentor's fourth assignment of error, he asserts that the trial court erred by improperly deviating upward from the Louisiana Sentencing Guidelines and by considering as aggravating circumstances elements of the offense of conviction, and offenses for which he is currently being prosecuted.
In a recent Louisiana Supreme Court decision, State v. Smith, 639 So.2d 237, 240 (La. 1994), the court held:
"(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record *1192 the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge employed or deviated from the Guidelines."
In the case sub judice, Armentor's sentence was in the statutory range of not less than three nor more than ten years without benefit of probation, parole or suspension of sentence, and a fine of not less than one thousand nor more than five thousand dollars. La.R.S. 14:95.1(B). The trial judge considered the Guidelines, stating the considerations he took into account, as well as a factual basis. Thus, we are limited to a traditional review of the sentence for constitutional excessiveness.
To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
We find that the sentence is not so grossly disproportionate to the crime as to shock our sense of justice. Armentor's crime involved a weapon, and he has a previous felony conviction for simple burglary. Additionally, the sentence is at the lower end of the sentencing range. Finally, the trial judge noted no mitigating factors except that he considered letters written by family and friends of Armentor on his behalf. Thus, we conclude that Armentor's sentence is not excessive.

ERRORS PATENT
A review of the record reveals two errors patent.
La.Code Crim. P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of the sentence. The record indicates that the trial court did not do so. We remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that Armentor is give credit for time served. See La.Code Crim. P. art. 882(A); State v. Jones, 607 So.2d 828 (La.App. 1 Cir.1992), writ denied, 612 So.2d 79 (La.1993).
La.Code Crim. P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform Armentor. This defect had no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.Code Crim. P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim. P. art. 914 or 922, so prescription is not yet running. The purpose of the notice of Article 930.8(C) is to inform the defendant of the prescriptive period in advance; thus, the district court is instructed to inform Armentor of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that he received such notice. State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

CONCLUSION
For the foregoing reasons, Armentor's conviction and sentence are affirmed. The trial court is ordered to: (1) amend the commitment and minute entries of the sentence to reflect that Armentor is given credit for time served; and, (2) inform him of the prescriptive period for post-conviction relief under La. Code Crim. P. art. 930.8, and to file written proof in the record of the proceedings that he received such notice.
SENTENCE AFFIRMED, AS AMENDED; REMANDED WITH ORDER.