JiTHIBODEAUX, Judge.
The defendant, Tommy Anthony Colomb, appeals his jury conviction for possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. He contends that the evidence was insufficient to support a guilty verdict and the trial court erroneously admitted “other crimes” evidence.
Because we find that marijuana found on the defendant after his admission to the firearm’s possession was improperly admitted as “other crimes” evidence and was not harmless, we reverse his conviction and remand for a new trial.

JJSSUES

On October 4, 1996, Officers Perry Gallow, Roylis Gallow, and Jean Harrison, of the Opelousas Police Department, were patrolling an area of Opelousas known as “The Hill,” which was well-known for drug-related activities according to their testimony. Officer P. Gallow observed a gray van parked in the center of the street and recognized the defendant who was standing outside of the van.
The defendant and several other persons dispersed rather quickly with the approach of the officers. The officers believed a “street-level” drug deal was occurring predicated on their knowledge of several of the individuals at the scene. The defendant proceeded to drive away upon their approach at which time he was told to stop by Officer P. Gallow.
*376 Once the defendant was stopped, the officers testified they had to ask him to exit at least twice; he then complied. Upon exiting the vehicle, he told officers he had nothing and they could search him and the. van. Officer P. Gallow searched the van and immediately found a handgun in a sliding tray underneath the passenger-side seat. Both Officer P. Gallow and Detective Sergeant Harrison testified that the gun was in “plain view” and could easily have been detected or seen by a person in the driver’s seat of the van. Once the officer spotted the firearm, he notified the other officers. The defendant responded that the gun was not his, but belonged to his wife and was kept for protection.
The officers contend the defendant stated the gun was kept for his (or their) protection; the defendant maintains he said the gun was for his wife and her protection because of her retail business which involved dealing with cash money and late deposits. He also stated he did not typically drive his wife’s van, but did so that morning only because his truck would not start. Indeed, the gun and van are owned and registered to the defendant’s wife.
|3After some wavering on cross-examination as to the defendant’s exact words, the officers agreed that the defendant indicated awareness of the weapon and stated the weapon was for protection — whether it be singularly his or his and his wife’s.
The defendant stated he was “shocked” when the weapon was found, and further testified that the weapon may have become plainly visible because of a broken tray, which may have slid out when he braked so suddenly to comply with Officer P. Hallow’s request. The defendant’s wife corroborated this testimony, stating the defendant was aware of her gun but never handled it. She contended she left the gun in the drawer by mistake.
At trial, “other crimes” evidence was put on through testimony referencing marijuana found on the defendant. The testimony also suggested the marijuana, which was not a large amount but included additional “baggies,” was typical of drug sales. Officer Roy-lis Gallow linked the weapon and the marijuana to suggest their “hand-in-hand” nature. In fact, in the state’s opening statement it contended it would prove possession of the weapon and marijuana. The state contended this testimony was part of the res gestae of the crime; the defendant contended it should have been subject to the notice requirements of State v. Prieur, 277 So.2d 126 (La.1973).
SUFFICIENCY OF THE EVIDENCE
In a case involving circumstantial evidence such as this one, assuming every fact to be proved that the evidence tends to prove, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Quatrevingt, 93-1644 (La.2/28/96); 670 So.2d 197, 200, cert. denied, - U.S. ——, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996); State v. Jack, 97-351 (La.App. 3 Cir. 10/8/97); 700 So.2d 1177, 1179, writ denied, 97-2726 (La.2/13/98); 706 So.2d 993. This does not mean, however, that every possibility of innocence must be excluded. State v. Maxie, 93-2158 (La.4/10/95); 653 So.2d 526, 531.
Louisiana Revised Statute 14:95.1 provides in pertinent part that:
A. It is unlawful for any person who has been convicted of ... felony illegal use of weapons or dangerous instrumentalities, ... to possess a firearm or carry a concealed weapon. ...
ífc «I* *1»
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence....
In order to convict an accused of a violation of La.R.S. 14:95.1, the state must prove beyond a reasonable doubt:
(1) the possession of a firearm; (2) a previous conviction of an enumerated felony; *377 (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La.R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App. 2 Cir. 9/27/95); 661 So.2d 657....
if; %
... La.R.S. 14:95.1 requires only general criminal intent, which means that the circumstances indicate that the accused “in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” La. R.S. 14:10(2). Although the existence of intent is a question of fact, it need not be proven as such, but may be inferred from the circumstances of a transaction. La. R.S. 15:445.
State v. Recard, 97-754, p. 9 (La.App. 3 Cir. 11/26/97); 704 So.2d 324, 329-330.
The defendant was previously convicted of the predicate crime of illegal use of weapons, a violation of 14:94 and admitted this element under crossjexamination5. He further admitted that his probation “did not terminate until June of 1992.” This admission, in addition to other testimony, was quite sufficient to establish the third element listed in Re-card, which requires the tolling of a ten-year statutory period of limitation before owning or possessing a firearm: this offense occurred October 4,1996.
The critical inquiry is whether constructive possession was established sufficient to demonstrate the defendant’s guilty knowledge and/or general criminal intent to commit the crime. As such, the defendant’s insufficiency of the evidence claim concerning possession of a firearm essentially hinged upon credibility determinations. These statements centered on the testimony of the investigating officers and the defendant’s own statements. At the outset, it is noted that evidence in the record that conflicts with the testimony accepted by the trier of fact does not render that evidence which is accepted by the trier of fact insufficient. State v. Tompkins, 403 So.2d 644 (La.1981), appeal after remand, 429 So.2d 1385 (La.1982). It is further noted that jurisprudence such as State v. Jeansonne, 580 So.2d 1010 (La.App. 3 Cir.), writ denied, 584 So.2d 1170 (La.1991), holds that the trier of fact may accept or reject, in whole or in part, any portion of a witness’s testimony. See also State v. Henry, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, writ denied, 96-0681 (La.5/16/97); 693 So.2d 793. Thus, a rational trier of fact might conclude that parts of testimony adduced in a trial were true, while other aspects were found less credible. The testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion in the absence of internal contradictions or irreconcilable conflict with the physical evidence. Id.
Because this case involves constructive possession, the guilty knowledge or general criminal intent element is subsumed by analysis of constructive possession. |6The defendant offers a reasonable hypothesis of his innocence by asserting the gun was owned by his wife and kept for her protection, and that he was the unwitting driver of her automobile wherein the gun had been inadvertently left.
Constructive possession is sufficient to constitute possession for purposes of conviction of a violation of La.R.S. 14:95.1. State v. Armentor, 94-745 (La.App. 3 Cir. 2/1/95); 649 So.2d 1187, writ denied, 95-0557 (La.App. 3 Cir. 6/30/95); 657 So.2d 1027. A defendant’s dominion and control over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. State v. Melbert, 546 So.2d 948 (La.App. 3 Cir.1989). The determination of whether there is “possession” sufficient to convict depends on the particular facts of the case. State v. Trahan, 425 So.2d 1222 (La.1983).
State v. Armentor, 649 So.2d 1187, provides facts substantially similar to this case. In Armentor, the gun was claimed to be owned by a girlfriend. This court nonetheless found this insufficient to overcome the jury’s finding of constructive possession. In this ease, the defendant is married to the owner of the gun and van in which the gun was found. According to the officers, the defendant stated the gun was his wife’s, thereby indicating awareness of the weapon, *378 albeit not necessarily awareness it was in the vehicle. The defendant also acknowledged the gun was used for protection. Furthermore, the gun was found within an arm’s length of the defendant, in the passenger side of a vehicle under the defendant’s dominion and control. These facts indicate the defendant’s constructive possession as well as his guilty knowledge or general criminal intent to possess a firearm.
The officers testified that the gun was found in plain view and could be viewed from the driver’s seat in the open tray. They further testified that the defendant actually stated the gun was for his protection. If this was believed by the factfinder, it constituted an admission of possession as well as established the requisite intent. _[£The factfinder credited the officers’ testimony despite significant defense attempts to impeach their credibility. Any slight equivocation by officers tending to question their resolve concerning whether the defendant said his protection or their protection was irrelevant since the defendant could not intend any possession, dominion, or control over the weapon. Moreover, this court does not second guess these factual, credibility determinations in the absence of internal contradictions in testimony of witnesses or contradictions between witnesses’ testimony and the physical evidence, neither of which was shown in this ease. Although it need not have been in order to be sufficient evidence under Jackson, we note that all three of the officers’ testimony was consistent.
Guilty knowledge is an essential element in proving constructive possession and may be inferred from the circumstances. State v. Converse, 529 So.2d 459 (La.App. 1 Cir.), writ denied, 533 So.2d 355 (La.1988); State v. Jones, 551 So.2d 18 (La.App. 4 Cir. 1989). In these circumstances, the factfinder could well have found the defendant possessed the requisite guilty knowledge.
Reviewing the circumstances in the light most favorable to the prosecution, we cannot say the factfinder was clearly or manifestly erroneous.
“OTHER CRIMES” EVIDENCE
The defendant contends the state im-permissibly adduced evidence of other crimes, wrongs, or bad acts to prejudice the factfinder and in violation of State v. Prieur, 277 So.2d 126, and its progeny inasmuch as timely notice of intent to use such evidence was not given.
The defendant complains that the oral notification given him by the state of its intent to adduce evidence at trial of other criminal acts the morning of trial was insufficient under Prieur. He objected to this evidence and further requested that anjsinstruction be given to the jury concerning evidence of other crimes. The trial court overruled his objections, finding the introduction of certain evidence fit within the “integral part of the act or transaction” test and was, accordingly, admissible under La.Code Evid. art. 404(B)(1).[1] It is well-settled that when other crimes evidence is introduced by the state that forms an integral part of the crime for which a defendant was tried or is part of the res gestae of the offense, the state is not required to give notice. See La.Code Crim.P. art. 720; State v. Arvie, 97-990 (La.App. 3 Cir. 2/4/98); 709 So.2d 810, 818; State v. Bailey, 95-78, pp. 17-20 (La.App. 3 Cir. 11/2/95); 664 So.2d 665, 676-677, writ denied, 96-0609 (La.6/21/96); 675 So.2d 1077.
In State v. Brewington, 601 So.2d 656, 657 (La.1992), the supreme court states:
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La.1976). In such cases, the purpose served by admission of other *379 crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of Evidence 448 (2d ed.1972). The concomitant other crimes do not affect the accused’s character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence Sec. 218 (3d ed.1940). State v. Haarala, 398 So.2d 1093, 1097 (La.1981).
Id. at 657. Nevertheless, evidence admitted is subject to La.Code Evid. art. 403’s considerations of relevancy in terms of probative value outweighing prejudicial value. | gArvie, pp. 16-17; 709 So.2d at 818. In this ease, a review of similar cases is appropriate because of the particular factual scenario, which involves a subsequent finding of marijuana on the defendant’s person involving unrelated charges. Thus, the probative value of evidence pertaining to the marijuana must be considered, even if the marijuana should be considered an integral part of the crime.
Once again, State v. Armentor, 649 So.2d 1187, is instructive. In Armentor, the defendant was a passenger in a truck that was stopped while Armentor and the driver conversed with another person known to be involved with drug dealing. Upon the approach of a law enforcement patrol unit, the truck eased away. The unit stopped the vehicle and noticed the defendant acting shiftily. The officer at the scene requested that Armentor exit the vehicle. Upon his compliance, a crack pipe fell from the vehicle; he was charged with possession of drug paraphernalia. When officers escorted Armentor to one of the units, he threw the pipe into a “garden.” Officers then searched him and found several .22 cal. bullets. Upon a subsequent search of the vehicle, a .22 cal. pistol was found along with marijuana seeds and a “Brillo pad.” The defendant was charged with obstruction of justice and felon in possession of a firearm.
At trial, evidence of the marijuana seeds, “Brillo pad,” and facts leading up to the initial search were admitted into evidence. The defendant asserted the evidence was introduced to depict him as a “bad man,” and thereby violated La.Code Evid. arts. 402, 403, and 404. This court disagreed, reasoning:
In order to obtain a conviction in the case sub judice, the State was required to prove that Armentor had possession of a firearm. The .22 caliber rounds in his pants pocket and the .22 caliber pistol in the truck were located by the police only after Armentor was arrested. In order to prove that there was a legal search; therefore, the State had to introduce into evidence the precipitating events concerning the drugs and paraphernalia that led to a valid arrest of Armentor [sic]. The evidence of other crimes was not introduced so [sic ] show that defendant acted in conformity therewith, but was introduced because it was anjipintegral part of the act or transaction that was the subject of the proceeding. Thus, this assignment of error lacks merit.
Id. at 1190-1191.
In State v. McSweeney, 619 So.2d 861, 870 (La.App. 3 Cir.1993), this court held that a witness’s “spontaneous and unsolicited admission [to the use of] some of the cocaine [involved in the charges] was part of the res gestae, which excepts it from the prohibition of the other crimes evidence.” In McSwee-ney, however, the surrounding charges were drug-related; whereas, in this case, the offense charged is felon in possession of a firearm. Compare State v. Prater, 583 So.2d 520 (La.App. 3 Cir.1991), writ denied, OS-1715 (La.6/17/94); 638 So.2d 1087 (which held that an undercover officer’s testimony of the appearance of several rocks of cocaine in a pouch from which the defendant produced the two rocks sold to the officer was res gestae). In this case, the state argues the relatedness by arguing that guns and drugs go hand in hand.
Importantly, however, cases involving res gestae or an integral part of the act or transaction are concerned with events that cannot be separated from the crime charged; “part *380 and parcel” events with concomitant occurrences that would not allow the state to present its case if left out.[2] In this case, the possession of the marijuana has little to do with the gun charge despite the unqualified, but unobjected-to, testimony of an officer as to the frequency that guns are involved with drug distribution. The officer merely testified that drugs and guns go together in the drug trade; however, even if this testimony did make other facts more probable to exist (or not) by its addition, the inclusion of the testimony may have been too prejudicial when considering its minimal probative value. La.Code Evid. arts. 401, 403. In its brief, the Instate cites one reason for the evidence of marijuana being relevant is that it tends to refute “defendant’s innocent explanation” for the presence of the weapon. However, this fact would require notice under Prieur. The state should not be allowed to, as the adage goes, “have its cake and eat it too.”
As stated by the defendant, the possession of marijuana was not determinative as to the guilt or innocence of the crime charged. The possession of a small amount of marijuana on the defendant and his constructive possession of a weapon registered to and owned by his wife, coupled with his driving her vehicle, does not necessarily render the drug possession “an integral part of the act or transaction.” The inclusion of this testimony was not necessary for the state to put on its case for a violation of La.R.S. 14:95.1. The state offers no legitimate explanation except to state — rather circularly — that res gestae is the reason it is necessary to their ease. However, the marijuana was found after the defendant allegedly admitted to the gun’s possession. The latter fact distinguishes the instant matter from res gestae jurisprudence discussing the necessity of certain evidence to provide the chronology or sequence of events leading to the crime charged.
Moreover, assuming arguendo that the drug possession was part of the res gestae or was an integral act or transaction in this case, no relevant reason, other than prejudice, can be ascertained for its admission into evidence. Thus, under La.Code Evid. art. 403, the admission of testimony concerning the drug possession is prejudicial to the point of outweighing any probative value it may have (although none is legitimately asserted herein). Accordingly, it was error to admit the testimony.
However, La.Code Crim.P. art. 921 requires this court to review this matter for harmless error. The appropriate standard of review to be applied in determining the effect of an improper admission of evidence is whether the court can declare that the error was harmless beyond a reasonable doubt. State v. Gibson, 391 So.2d 421 (La.1980), adopting Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Moreover, the Louisiana Supreme Court has held that “other crimes” evidence erroneously admitted is subject to a harmless error analysis. State v. Johnson, 94-1379 (La.11/27/95); 664 So.2d 94, stating that introduction of such evidence may be “quantitatively assessed” in the context of the other evidence and reviewed for harmless error. Id. at 101. Thus, in this case, it must be determined whether the verdict rendered was “surely unattributable” to the error. Id. at 102, citing Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
In this case, the evidence believed by the trier of fact established that the defendant admitted to knowledge of the weapon found in his automobile. In eases where the key item of the defense is the defendant’s credibility, an erroneous admission of “other crimes” evidence is not harmless. The fact that all of the defendant’s prior offenses were admitted along with being painted unnecessarily as a drug-involved criminal in the instant matter requires finding the erroneous admission of damaging evidence, such as the possession of marijuana coupled with Officer Roylis Gallov/s irrelevant testimony, error that cannot be harmless beyond a reasonable doubt.

*381
CONCLUSION

For the foregoing reasons, we reverse the defendant’s conviction and’remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
WOODARD, J., concurs.

. La.Code Evid. art. 404(B)(1) provides in pertinent part: "Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, ..., or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” (Emphasis added.)

. Brewington, 601 So.2d 656 (La.1992); Prieur, 277 So.2d 126; McSweeney, 619 So.2d 861; Prater, 583 So.2d 520; State v. Pratt, 26,862 (La.App. 2 Cir. 4/5/95); 653 So.2d 174, writ denied, 95-1398 (La. 11/3/95); 662 So.2d 9.