747 So.2d 1074 (1999)
STATE of Louisiana
v.
Tommy Anthony COLOMB.
No. 98-K-2813.
Supreme Court of Louisiana.
October 1, 1999.
Richard P. Ieyoub, Attorney General, Gary Christopher Tromblay, Earl B. Taylor, District Attorney, for applicant.
Daniel James Stanford, Eunice, for respondent.
PER CURIAM.[*]
La.C.E. art. 404(B) provides in pertinent part that evidence of other crimes, wrongs, or acts may be admissible in a criminal trial "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding ." In this case, although it rejected the only other assignment of error on appeal challenging the sufficiency of the evidence, the court of appeal reversed the defendant's conviction and sentence for *1075 possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1 because it found that evidence of defendant's possession of marijuana discovered on his person immediately after the police found a semi-automatic handgun on the floorboard of the van he was driving did not relate to conduct forming an integral part of the charged offense. State v. Colomb, 98-210, p. 10 (La.App. 3rd Cir.10/7/98), 720 So.2d 374, 379-80. The court of appeal further observed that, even assuming that defendant's drug possession constituted part of the res gestae or an integral component of his firearms possession, it could discern "no relevant reason, other than prejudice... for its admission into evidence." Colomb, 98-210 at 11, 720 So.2d at 380. The Third Circuit thus distinguished this case from those cases "concerned with events that cannot be separated from the crime charged," and found that as a matter of the balancing test in La.C.E. art. 403, "the admission of testimony concerning the drug possession is prejudicial to the point of outweighing any probative value it may have...." Colomb, 98-210 at 10-11, 720 So.2d at 380. We granted the state's application for review because it appeared that the court of appeal applied an unduly restrictive approach to integral act evidence under La.C.E. art. 404(B). We now reverse.
The events leading to defendant's arrest began when the police spotted a van parked in the middle of the street in "The Hill," an area in Opelousas known for drug trafficking. The defendant stood at the opened door on the driver's side of the vehicle; gathered around him were five or six individuals familiar to the officers from their illegal drug activity. As the group scattered at the approach of the officers intent on investigating conduct they found "very suspicious" of street-level drug trafficking, the defendant got back into the van and attempted to leave the scene. He stopped short when the officers ordered him to pull over, got out of the vehicle, stated that he "didn't have anything," and invited the officers to prove him wrong. The officers found on the floorboard of the van a loaded .25 caliber semi-automatic handgun in a small tray partially tucked under the passenger seat but otherwise readily accessible to the driver of the vehicle. According to the officers, the defendant immediately stated something to the effect that, "That's my old lady's gun. I just use it for my protection." When the officers asked whether he had any drugs on his person, the defendant at first replied that he did not, but then pulled up his shirt to reveal a clear plastic bag containing marijuana. The defendant removed the bag and handed it over, explaining that it contained his personal "stash."
In his own testimony, the defendant told jurors that both the van and the gun belonged to his wife, that he had borrowed the vehicle to run some morning errands, and that he had not realized she had placed the weapon in the glove compartment of the vehicle until he braked suddenly at the order of the officers and sent the gun spilling out onto the floor board. The defendant testified that he had been shocked by the officers' discovery and informed them that his wife owned a store and that she had the weapon for her protection. In her testimony, the defendant's wife confirmed that the gun belonged to her, that she used it for protection in making bank deposits from the clothing store she owned, and that she had simply forgotten to remove the gun from the van when she returned home on the night before the incident.
This Court has long approved of the introduction of other crimes evidence, both under the provisions of former R.S. 15:448 relating to res gestae evidence and as a matter of integral act evidence under La.C.E. art. 404(B), "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." State v. Brewington, 601 So.2d 656, 657 (La.1992). This doctrine encompasses "not only spontaneous utterances *1076 and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances." State v. Molinario, 383 So.2d 345, 350 (La.1980). We have required a close connexity between the charged and uncharged conduct to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." State v. Haarala, 398 So.2d 1093, 1098 (La.1981) (emphasis added); see also 1 McCormick on Evidence, § 190, p. 799 (4th ed., John William Strong, ed., 1992) (other crimes evidence may be admissible "[t]o complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.") (footnote omitted). The res geaste or integral act doctrine thus "reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness." Old Chief v. United States, 519 U.S. 172, 186, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether doing so would deprive its case of narrative momentum and cohesiveness, "with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict." Id.
In this case, evidence of the defendant's marijuana possession contemporaneous with the police discovery of the firearm in his truck provided not only narrative completeness to a case which began as a narcotics stop but also formed an integral part of the context facts in which jurors evaluated the state's case for defendant's exercise of dominion and control over the weapon found under the passenger seat of the van. The state presented additional opinion testimony from the police that defendant had paraphernalia associated with drug trafficking and that guns and drugs go "hand in hand." Jurors need not have credited any of that testimony, however, to conclude for themselves that the officers' disputed testimony about defendant's spontaneous admission he possessed his wife's gun for his own protection appeared fully consistent with the undisputed circumstances of the case that the police had stopped the defendant in a high crime area in Opelousas in possession of his own drug "stash."
Given the probative value of these context facts, we need not decide here whether integral act evidence presented under the authority of La.C.E. art. 404(B) must invariably pass the balancing test of La. C.E. art. 403. Cf. former R.S. 15:447 ("What forms any part of the res gestae is always admissible in evidence."); State v. Brown, 428 So.2d 438, 442 (La.1983) ("[E]vidence of other crimes included in the res gestae is admissible without balancing its probative value against the prejudicial effect.") (citations omitted); State v. Smith, 94-1502, p. 6 (La.App. 4th Cir.1/19/95), 649 So.2d 1078, 1083 ("It is no longer true that whatever forms part of the res gestae is admissible, and such evidence remains subject to the [art. 403] balancing test."); 1 McCormick on Evidence, supra, § 190, p. BOD, n. 12 ("It seems preferable to say that this evidence of `intertwined' crimes may be admitted, since it does not run afoul of the propensity rule, assuming that the balance of probative value and prejudice favors admission and that the normal safeguards ... for dealing with other crimes evidence are observed."). Unfair prejudice to a criminal defendant "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief, 519 U.S. at *1077 180, 117 S.Ct. at 650. We think it clear that evidence of defendant's marijuana possession invited jurors to draw the necessary inferences for their verdict not on the basis of his bad character, otherwise revealed by evidence of his prior convictions for the illegal discharge of a firearm, issuing worthless checks, and receiving stolen property, but on the basis of his contemporaneous conduct and statements accompanying the officers' discovery of the handgun in his wife's van.
The decision of the court of appeal is therefore reversed, the defendant's conviction and sentence are reinstated, and this case is remanded to the district court for execution of sentence.
JUDGMENT OF THE COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE REINSTATED; CASE REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, J., concurring.
At the outset, I disagree with the dicta in State v. Brown, 428 So.2d 438, 442 (La.1983), that evidence of other crimes included in the res gestae is admissible without balancing its probative value against the prejudicial effect.[1] The majority states that it is not necessary to decide the issue in this case, but goes on to review the balancing factors.
On the merits, the prosecutor argues that it introduced the evidence of defendant's possession of drugs in order to show that he was a drug dealer which in turn raised the inference that drug dealers carry guns. This inference, the prosecutor contends, provided support for a conclusion that defendant was in constructive possession of his wife's gun found in his wife's car that he was driving.
I disagree that the evidence submitted by the prosecutor established that defendant was a dealer, rather than a user, of drugs. Therefore, the evidence of his possession of drugs simply showed that he was a bad person, rather than constituting relevant evidence of constructive possession, and should have been excluded under La.Code Evid. art. 403.
Nevertheless, defendant's own statement that "I just use it [his wife's gun] for my protection" made the admission of the other crimes evidence of drug possession harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421 (La.1980). I therefore concur in the judgment.
NOTES
[*] Johnson, J., not on panel. See La.S.Ct.Rule IV, Part II, § 3.
[1] I declined to join in the Brown opinion because I disagreed with the dicta that was not essential to the holding.