791 So.2d 607 (2001)
STATE of Louisiana
v.
Kevin NOTEN and Jessie Murdock.
No. 2001-KK-1818.
Supreme Court of Louisiana.
June 25, 2001.
*608 PER CURIAM.
Granted. The trial court ruled correctly that the state may present at trial the testimony of officers in the surveillance team regarding their observation of defendants' activities at the corner of Pine and Olive streets in New Orleans on the morning of March 30, 1999. The defendants' conduct formed an integral part of the charged transaction, and evidence regarding the four hand-to-hand exchanges conducted by defendant Noten, with objects provided by Murdock from a plastic bag Murdock had concealed in the weeds of an open field at the intersection, is independently relevant to establish the defendants' dominion and control over the plastic bag containing 12 rocks of cocaine retrieved by the police from the open field after they arrested the defendants. The evidence is also relevant to prove that the defendants possessed the cocaine with the intent to distribute, as charged by the state in the bill of information. State v. Hearold, 90-2094 (La.1992), 603 So.2d 731, 735 (inference of intent to distribute may arise from evidence of prior acts of distribution).
However, the trial court incorrectly ruled that the state may not present evidence that, based on information provided by the surveillance team after the officers observed hand-to-hand exchanges between defendant Noten and the drivers of two vehicles which stopped at the intersection, back-up teams of officers detained the two vehicles after they left the scene and retrieved a rock of cocaine from each car. Retrieval of the cocaine from the vehicles evidently triggered the decision of the surveillance team to end its observation of the defendants and to place them under arrest. The vehicular stops formed part of a continuous chain of events connecting the surveillance of the defendants as they manipulated the plastic bag and its contents to the recovery of the evidence from the open field. The charged and uncharged conduct in the present case thus possesses the requisite close connexity we have required of res gestae or integral *609 act evidence "to insure that `the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'" State v. Colomb, 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076 (quoting State v. Haarala, 80-2668 (La.1981), 398 So.2d 1093, 1098). Here, too, evidence of the vehicular stops is independently relevant to the question of the intent which accompanied the defendants' possession of the 12 rocks of cocaine in the plastic bag. Hearold, 603 So.2d at 735.
JOHNSON, J., would deny the writ.