NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-0734

STATE OF LOUISIANA

VERSUS

TERRY G. DAY

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 154,963B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

AFFIRMED.

Charles A. Riddle, III
District Attorney
Michael Francis Kelly
Assistant District Attorney
Twelth Judicial District Court
P. O. Box 1200
Marksville, LA 71351
(318) 253-5815
COUNSEL FOR APPELLEE:
       State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Terry G. Day**

**Terry G. Day**
**Louisiana State Penitentiary**
**Main Prison - Walnut 4**
**Angola, LA 70712**

PETERS, J.

An Avoyelles Parish grand jury indicted the defendant, Terry G. Day, for second degree murder, a violation of La.R.S. 14:30.1. A jury convicted the defendant of the offense, and the trial court sentenced him to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant appeals his conviction, asserting two assignments of error. For the following reasons, we affirm the defendant's conviction in all respects.

On January 24, 2010, the defendant's former girlfriend, Aimee Harris, was stabbed eight times with a knife. The two fatal wounds were inflicted downward into the victim's throat area, transecting her right jugular vein and right subclavian artery. The defendant was the only person present when Ms. Harris sustained her injuries, and he claimed in a statement to investigating officers that Ms. Harris fell onto the knife while running.

In his first assignment of error, the defendant argues that the evidence presented at trial was insufficient to support his conviction for second degree murder.

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

To convict the defendant of second degree murder, the State of Louisiana (state) had to prove, beyond a reasonable doubt, that he killed Ms. Harris and that he had the specific intent to kill or to inflict great bodily harm. La.R.S. 14:30.1. If the jury had given credence to the defendant's contention that Ms. Harris fell on the knife, then the state would have been unsuccessful in proving either of the necessary elements. However, the evidence overwhelmingly points to the defendant's guilt beyond a reasonable doubt.

As previously stated, and by the defendant's own account, he was the only person present when the victim died. As pointed out by the medical evidence presented at trial, the defendant's claim that Ms. Harris fell on the knife while running is illogical in light of the number of wounds she received and the angle from which the wounds were inflicted. Additionally, although the defendant asserted that the incident occurred outside where the body was found, investigating officers found a large amount of blood in Ms. Harris' bedroom. Other actions by the defendant that point toward his guilt include his initial attempt to hide Ms. Harris' body, his disposal of the murder weapon by throwing the knife into a river, and the manner in which he attempted to disguise his voice in numerous 911 telephone calls from his cellular telephone on the day of the murder.

Other witnesses provided factual background information that pointed directly to the defendant as the perpetrator of the offense. Trish Bordelon, a supervisor with the Avoyelles Parish 911 Dispatch Center testified concerning a telephone call received from Ms. Harris on January 12, 2010. In that telephone call, Ms. Harris stated that the defendant was chasing her vehicle and she feared for her life. Jonathan Carmouche, who was an Avoyelles Parish Deputy Sheriff at the time of the murder, responded to that call, but the defendant was not arrested. Matthew Shallington, a former Cottonport Municipal Police Officer, testified that on January 17, 2010, he

2

removed the defendant from Ms. Harris' home at her request. The officer did not arrest the defendant. Finally, Julian Kyle and Hope Landry, two of Ms. Harris' neighbors, testified that on the day of the offense, Ms. Harris ran into their yard, with the defendant in pursuit, and told them that the defendant was going to kill her. Mr. Kyle testified that he made the defendant leave the premises. Ms. Landry testified that later in the day she saw a man who looked like the defendant hiding near Mr. Kyle's vehicle.

Considering the record as a whole and reviewing the evidence in the light most favorable to the state, we conclude that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. We find no merit in the defendant's first assignment of error.

In his second assignment of error, the defendant argues that the trial court erred by allowing the state to improperly introduce evidence of other crimes or bad acts committed by him in violation of La.Code Evid. art. 404. The evidence he complains of includes the incidences previously mentioned in the first assignment of error.

Louisiana Code of Evidence Article 404(B) provides in pertinent part:

> **Other crimes, wrongs, or acts**. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

We find that the defendant's reliance on La.Code Evid. art. 404 is misplaced given the facts of this case. There is no suggestion that the evidence complained of was used to prove his character, and the evidence clearly fits within a number of the exceptions set

3

forth in La.Code Evid. art. 404(B).  *See State v. Colomb*, 98-2813 (La. 10/1/99), 747 So.2d 1074, and  *State v. Welch*, 615 So.2d 300 (La.1993).

The offense at issue grew out of ongoing domestic difficulties and, disallowing evidence of the prior incidents, would have forced the state to portray the murder as an isolated incident.  The evidence of the prior incidents allowed the state to maintain the type of "narrative momentum and cohesiveness" discussed in *Colomb*, 747 So.2d at 1076 (citing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644 (1997)).  Additionally, the evidence at issue served to illustrate the violent and volatile nature of the defendant's relationship with Ms. Harris.  We find no merit in this assignment of error.

## ERRORS PATENT

Pursuant to the La.Code Crim. P. art. 920, we review all appeals for errors patent on the face of the record.  After review, we find no such errors.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rules 2-16.2 and 2-16.3, Uniform Rules—Courts of Appeal.