601 So.2d 656 (1992)
STATE of Louisiana
v.
David Lee BREWINGTON.
No. 91-K-2713.
Supreme Court of Louisiana.
June 5, 1992.
Richard Phillip Ieyoub, Atty. Gen., Stephen M. Henry, Dist. Atty., for plaintiff-applicant.
Michael J. Bonnette, for defendant-respondent.
PER CURIAM.
At the defendant's trial for second degree murder in violation of La.R.S. 14:30.1, the state established that the defendant was the last person seen with the victim and that during this time, approximately an hour and a half before the murder, he showed an acquaintance what he claimed was crack cocaine and the butt of what he claimed was a .357 caliber pistol tucked into his waistband. The victim, who died of multiple gunshot wounds, had traces of cocaine in her system, which the state's pathologist testified had been ingested sometime during the twelve hours preceding her death. On appeal of defendant's conviction and life sentence to the Third Circuit, the reviewing panel concluded that because the victim could have ingested the cocaine prior to her rendezvous with the defendant, testimony concerning the defendant's claim of cocaine possession was inadmissible "other crimes" evidence and not "conduct that constitute[d] an integral part of the act or transaction that [was] the subject of the present proceeding." La. C.Ev. art. 404(B)(1). Finding that as a violation of La.C.Cr.P. art. 770(2) the error was not subject to harmless-error analysis, the appellate court reversed the defendant's conviction and remanded for a new trial. State v. Brewington, 587 So.2d 189 (La.App. 3rd Cir.1991) (Domengeaux, C.J., dissenting). The state applied to this Court for review of that judgment and we now reverse.
The defendant's display of crack cocaine and a pistol tucked into his waistband, three hours after the victim was last *657 seen alive in his presence and less than two hours before her death, formed an inseparable part of the state's substantial circumstantial evidence linking him to the shooting. Other evidence placed the victim in a small red car arguing with a man moments before she was killed in a fusillade of gunshots fired from a .22 caliber revolver. Near the victim's body, the police found a pint bottle of Bacardi rum similar to the bottle purchased by the defendant approximately two hours earlier. The police also found tire tracks made by an economy car with one tire smaller than the others, and a "Buckle Up" sticker unique to Ford cars among the shards of glass strewn about the area. Defendant's red Ford Festiva was later found with its driver's side window shot out and a bullet hole in the door. The car contained several types of ammunition, including a box of .22 caliber bullets, and had a small spare for a left front tire.
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La.1976). In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of Evidence 448 (2d ed. 1972). The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence § 218 (3d ed. 1940). State v. Haarala, 398 So.2d 1093, 1097 (La. 1981).
After reviewing the record, we conclude that the references to the defendant's claim of cocaine possession were properly admitted as evidence of conduct that constituted an integral part of the act or transaction that was the subject of the present proceeding, as provided for by La.Code Evid. art. 404(B)(1).
The judgment of the Third Circuit Court of Appeal is reversed and this case is remanded for consideration of the defendant's remaining assignments of error.
JUDGMENT REVERSED; CASE REMANDED.