hJONES, Judge.
George Malvoisin appeals his conviction for the crime of simple rape, and his sentence of ten years imprisonment. We affirm his conviction and amend his, sentence. thus, Malvoisin’s conviction and sentence are affirmed as amended.

PROCEDURAL HISTORY

Malvoisin was indicted for aggravated rape of a child under the age of twelve, in violation of La. R.S. 14:42(4). He was found guilty of simple rape, a violation of La. R.S. 14:43, after a two-day jury trial. He filed a motion for a new trial, which was denied, and the district court sentenced him to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. Malvoisin’s motion to reconsider sentence was denied and the district court granted his motion for appeal.

FACTS

[1]

The victim, A.F., testified at trial that she was presently fifteen years old and that she had been acquainted with Malvoi-sin since she was six years old. She testified that she met him when they were neighbors on Second Street. Malvoisin moved to General Meyer Avenue, but began picking her up so that she could | ?,continue to visit his children. „ Sometimes, however, he took her to the house by herself and had sex with her. She testified that Malvoisin used to show her pornographic photographs and then put A.F. in the positions seen in the photographs and he would ejaculate inside her. This would occur two to three times a week. She further testified that Malvoisin continued this behavior with her even after she, her mother and her siblings moved in with him. He told her that her mother did not care about her. He further stated that he was the only one who eared about her. A.F. testified that Malvoisin continued to have sex with her until she was twelve years old. She had an abortion when she was thirteen years old. When she told Malvoisin she thought she was pregnant, he purchased a pregnancy test. The pregnancy test revealed that she was pregnant. Malvoisin then had sex with her that day and told her she was going to have an abortion. Rolanda Jackson went with her to the abortion clinic. A.F. told the nurse and doctor that her name was Kim Jackson and that her boyfriend was the baby’s father. Malvoisin stayed outside in the car while she had the abortion. After leaving the clinic, they went to a nearby drug store to have her prescriptions filled. He told her not to tell her mother. A.F. testified that he continued to abuse her *76 until she and her mother and siblings moved out of his house. They moved out of the house when A.F.’s mother learned that he married someone else. One day after they moved, A.F.’s mother found a prescription bottle with the name “Kim Jackson” on it. When her mother asked her about the bottle, A.F. told her mother about the abuse and the abortion. She told her mother that Malvoisin was the baby’s father.
L.F., the victim’s mother, testified that she has known Malvoisin since 1987. She confirmed A.F.’s testimony regarding the reason and duration of the child’s acquaintance with Malvoisin. On a few occasions, she noticed that he would have |aA.F. sit on his lap in an inappropriate manner. She told him that the actions were inappropriate and to discontinue them. She also testified that A.F. explained the prescription as the result of the abortion of Malvoisin’s child. L.F. then called the police and took her daughter to see Dr. Scott Benton.
Rolanda Jackson testified that she knew Malvoisin. In April of 1997, he approached her about taking A.F. to a doctor. He said that A.F. was having headaches and a stomachache. Malvoisin took Jackson and A.F. to a clinic where A.F. took a pregnancy test. The test indicated A.F. was six to eight weeks pregnant. At trail, she confirmed A.F.’s testimony as to Malvoisin’s participation in and payment for the abortion.
Dr. Victor Brown testified that on April 21, 1997, he performed an abortion on a young woman by the name of Kim Jackson. Rolanda Jackson signed the consent fonns as parent/guardian. The name of the person to contact in case of an emergency was George Malvoisin. According to the documents, the young woman stated that the baby’s father was eighteen years old.
Detective Aaron Blackwell testified that he responded to a rape complaint and met with A.F. and her mother, L.F. After taking a statement from A.F. and conducting an investigation, he obtained an arrest warrant for Malvoisin and a search warrant for his house. Malvoisin turned himself in three days later.
Dr. Benton, of the coroner’s office, testified that he examined A .F. and that she told him that Malvoisin, her mother’s boyfriend, had sexually abused her from the age of eight to twelve. The examination was normal; and there were no scars, bruises or marks indicative of previous physical abuse. However, the witness stated that the physical examination could be consistent with the victim’s account of sexual abuse. The examination could not confirm or deny sexual trauma.
| ¿George Malvoisin testified on his own behalf. He denied all allegations of rape and sexual molestation. He stated that he and L .F. had a relationship at one time and had two children together. The relationship ended in 1997, and he married another woman. When L.F. found out, she got mad and cursed him. He told L.F. that she had to move out of the house. He acknowledged that L.F. did not know about A.F.’s abortion. He contended that A.F. and Rolanda Jackson devised the plan for the abortion. He stated that Rolanda Jackson did not tell him that A.F. was pregnant but that he thought he was just taking A.F. to Dr. Brown because she was not feeling well.

ERRORS PATENT

A review of the record reveals that the trial court imposed an illegal sentence. At the time the offense was committed, La. R.S. 14:43 (simple rape) did not prohibit a defendant’s eligibility for parole, probation or suspension of sentence.[2] Thus, the trial court erred when it denied Malvoisin the benefits of parole, probation or suspension *77 of sentence. Accordingly, his sentence will be amended to delete the prohibitions against parole, probation or suspension of sentence. There are no other errors patent in this record.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1

In this first assignment of error, Malvoisin argues that the trial court erred when it allowed the admission of “other crimes” evidence at trial. He argues that the “other crimes” evidence was testimony concerning the victim’s pregnancy in 1997. The indictment charged him with aggravated rape of a child under the age hof twelve. The dates of the offense were listed as “between the 1st of January, 1992 and the 28th of June, 1995.”
Article 404(B) of the Louisiana Code of Evidence provides the basic rule regarding the use of evidence of “other crimes, wrongs or acts” at trial. It states in pertinent part:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The final phrase of the statute replaces the term “res gestae” as provided for in former La. R.S. 15:447-448.
Evidence of other crimes is admissible when it is related and intertwined with the charged offense to such an extent that the State could not have accurately presented its case without reference to it. State v. Brewington, 601 So.2d 656 (La. 1992). The concomitant other crimes do not affect the defendant’s character because they were done, if at all, as parts of a whole; thus, the trier of fact will attribute either all of the criminal conduct to the defendant or none of it. Id. Additionally, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. Id.
In State v. Brewington, 601 So.2d at 657, the Court stated:
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not | fihave accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La. 1976). In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of Evidence 448 (2d ed. 1972). The concomitant other crimes do not affect the accused’s character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence Sec. 218 (3d ed. 1940). State v. Haarala, 398 So.2d 1093, 1097 (La.1981).
In Brewington, the defendant was the last person seen with the victim prior to her death. The State presented testimony from a witness who saw the defendant with cocaine and with a gun tucked into his waistband. This sighting occurred three hours after the victim was last seen with the defendant and less than two hours before her death. The victim was killed by a gunshot, and she had cocaine in her *78 system. In reviewing the appellate court’s reversal of the defendant’s conviction, the Court found the testimony of the gun and cocaine in the defendant’s possession “formed an inseparable part of the state’s substantial circumstantial evidence linking [the defendant] to the shooting” was “an integral part of the act or transaction that was the subject of the present proceeding,” and thus was admissible. Id. at 657. See also State v. Allen, 94-2262 (La.11/13/95), 663 So.2d 686 (defendant was charged with arson with intent to defraud occurring on May 2nd, and evidence of defendant’s attempt to torch his own house on May 1st was found to be integral part of crime charged); State v. Smith, 94-1502 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078 (evidence of purse snatching by defendant which precipitated chase and capture of defendant was admissible as integral part of 17charges of possession of cocaine with intent to distribute and of possession of a firearm by a convicted felon, where gun and cocaine were found on defendant’s person when officers apprehended him).
In the case at bar, it is reasonable to conclude that the testimony concerning the victim’s pregnancy was part of the res gestae. The victim testified that Malvoisin continued to sexually molest her from the time she was eight years old until she and her mother moved out of the house. Further, the pregnancy was part of the victim’s first report of the molestation and was an integral part of Malvoisin’s continued abuse of the victim. Thus, the testimony of the pregnancy was so inextricably involved in the victim’s testimony and first report that it could not reasonably have been excluded.
Malvoisin further argues that the district court did not conduct a Prieur hearing. However, a review of the record reveals that the district court conducted a hearing on the admissibility of the evidence immediately prior to trial. While no testimony was taken, the district court heard argument from the State and Mal-voisin. The State summarized the testimony that was to be introduced into evidence. After the hearing, the district court concluded that the evidence-was admissible.
The Louisiana Supreme Court has recognized that the introduction of other acts of sexual abuse involving the same victim in order to show the defendant’s lustful disposition towards the victim is permissible. State v. Acliese, 403 So.2d 665 (La.1981). Further, aggravated rape is a general intent crime; nevertheless, the element of intent is an essential ingredient. Evidence of similar but disconnected crimes is relevant to show the intent with which the act was committed. See State v. Cupit, 189 La. 509, 179 So. 837 (1938).
[sIn State v. Miller, 98-0301 (La.9/9/98), 718 So.2d 960, the defendant was charged with two counts of molestation of a juvenile. The juveniles in question were the defendant’s nieces. The other act which the State sought to introduce was an overheard statement by the defendant to his neighbor’s eight-year-old daughter that he had seen her in his bedroom naked “with her legs open and her arms open.” The court noted that the State was not trying to imply that the defendant had actually seen the neighbor child naked in his room, but rather that the substance of the statement was a product of the defendant’s imagination. The court found the statement was independently relevant to show the defendant’s lustful disposition towards young girls and thus his specific intent to sexually molest his nieces.
In the case at bar, the testimony presented by the State proved by clear and convincing evidence that Malvoisin impregnated the victim. The evidence is also indicative of his continual intent and desire to sexually molest the victim. Both the victim and Rolanda Jackson testified concerning his involvement with the abortion. Dr. Brown testified that Malvoisin was named as the person to contact in case of an emergency on the consent forms. In *79 light of the evidence presented, the district court did not err in ruling that the evidence was admissible.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2

[7] In his second assignment of error, Malvoisin argues that district court erred in excluding the testimony of Daniel Jeudi. Malvoisin sought to introduce Mr. Jeudi’s testimony to show that the victim and her mother had made similar .allegations against another person and that, possibly, Mr. Jeudi, was the father of the victim’s baby. Malvoisin proffered Mr. Jeudi’s testimony, and the district court concluded that the testimony was not admissible.
|flLa. C.E. article 412 provides that “[w]hen an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.” The statute provides that “evidence of specific instances of the victim’s past sexual behavior is also not admissible except for ... [e]vidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was .the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense.”
In the case at bar, Malvoisin did not meet the statutory requirements cited above. He sought to introduce the testimony of Mr. Jeudi to impeach the victim’s testimony that Malvoisin was the father of the baby that was terminated. He suggested that Mr. Jeudi and the victim had been sexually active with each other. However, Malvoisin did not indicate when this relationship was to have existed. Further, Mr. Jeudi denied the relationship in his proffered testimony. Mr. Jeudi testified only that he knew the victim and her mother. He acknowledged that the victim’s mother and father had once alleged that he had sexually molested the victim. However, Mr. Jeudi denied the allegation, and he was not charged with any such offense.
As Malvoisin did not meet the requirements of La. C.E. article 412, the district court correctly held that the testimony was inadmissible.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 3

In his third assignment of error, Malvoisin contends that the evidence produced by the State was insufficient to support his conviction for simple rape.
liflWe have often cited case law which states that when assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
Malvoisin contends that his conviction should be reversed because the facts of the case do not meet the statutory requirements for simple rape. However, as the district court noted, it is apparent that the verdict was a compromise verdict. Simple rape is a statutory responsive verdict to aggravated rape. La.C.Cr. P. article 814. Compromise verdicts are permissible, whether or not the evidence supports the compromise verdict, as long as the verdict comports with the legislative scheme in La. C.Cr.P. art. 814 and the evidence is sufficient to sustain a conviction on the charged offense. State v. Holland, 544 So.2d 461 (La.App. 2 Cir.1989), writ denied, 567 So.2d 93 (La.1990).
Malvoisin was charged with aggravated rape in violation of La.R.S. 14:42. The statute provides that aggravated rape “is a rape committed upon a person ... where the anal or vaginal sexual intercourse is *80 deemed to be without lawful consent because ... the victim is under the age of twelve years.” Rape is defined as “the act of anal or vaginal sexual intercourse with a male or female person committed without the person’s lawful consent.”
In the present case, the victim testified at trial that Mavoisin continually raped her from the time she was eight years old until she was twelve years old. The sexual molestation started when his family and her family were neighbors. When Malvoi-sin moved to General Meyer Avenue, he would take her to the house luby herself and have sex with her. He used to show her pornographic photographs and then put A.F. in the positions seen in the photographs. She testified that he would have sexual intercourse with her two to three times a week. The victim further testified that he would ejaculate inside her. The victim’s testimony reveals that Malvoisin had sexual intercourse with a child under the age of twelve. Such testimony is sufficient to support a conviction for aggravated rape. Thus, the compromise responsive verdict of simple rape is not erroneous.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4

In his final assignment of error, Malvoi-sin seeks a new trial on the basis of the three errors discussed above. As none of the errors have merit, the district court correctly denied his motion for new trial.
This assignment of error is without merit.

DECREE

Accordingly, for the reasons stated herein, George Malvoisin’s conviction is affirmed. However, his sentence is amended to delete the prohibitions against parole, probation or suspension of sentence, and as amended, affirmed.

AMENDED AND AFFIRMED AS AMENDED.

. Due to the sensitive nature of this case, the victim’s initials will be used in lieu of her name. The victim will be referred to as A.F. The victim’s mother will be referred to as L.F.

. Prior to amendment in 1995 by Acts 1995, No. 946, § 2, the statute provided that ''[w]hoever commits the crime of simple rape shall be imprisoned, with or without hard labor, for not more than twenty-five years.”