WHIPPLE, C.J.
The defendant, Tyeesha L. Kirsh, was charged by felony bill of information with simple criminal damage to property (with a value of five hundred dollars or more but less than fifty thousand dollars), a violation of LSA-R.S. 14:56 and by misdemeanor bill of information with resisting an officer, a violation of LSA-R.S. 14:108 (count 1) and telephone harassment, a violation of LSA-R.S. 14:285(A)(1). The defendant pled not guilty to all charges and, following a simultaneous jury trial and bench trial, was found guilty as charged on all counts. The defendant filed a motion for new trial, which was denied. For the simple criminal damage to property conviction, the defendant was sentenced to three-years imprisonment at hard labor; the sentence was suspended, and the defendant was placed on five years of supervised probation. For each of the (two) misdemeanor convictions, the defendant was sentenced to five days in the parish jail (with credit for time served). All sentences were ordered to run concurrently. The defendant now appeals, designating three assignments of error. We affirm the misdemeanor convictions and sentences. We affirm the felony conviction for simple criminal damage to property, but we amend the three-year sentence to two years imprisonment at hard labor, with all issues related to probation *1227 maintained, and affirm, as amended. We remand for correction of the minutes and, if necessary, the commitment order.
FACTS
Teri McGovern owned and managed Slidell Village North Development, a housing development of twenty-five duplexes (fifty units), operated with federal funding, under a project-based "Section 8" contract. The defendant and her children moved into Unit 563 on Beechwood Drive in Slidell in October of 2012. On March 20, 2014, Slidell Village North Development, through McGovern, obtained a judgment of eviction in Slidell City Court to have the defendant removed from the premises. The defendant was given notice of the judgment, informing her that she had thirty days to comply with the judgment. However, by April 20, 2014, the defendant had not moved out of her apartment.
Slidell City Marshall, Wyatt Williams, was then called to the apartment on April 20, 2014 to ensure that the defendant moved out all of her possessions.
Williams testified at trial that while it was not a forced eviction, he "would consider it a near-forced eviction." According to Williams, the eviction case required "a little shoving" or a "little encouragement," and the defendant was unhappy over being evicted from her apartment. When asked what types of things the defendant was telling him while he stood by to ensure her departure, Williams testified, "You don't want to hear all of it. She was very hostile and she was taking her time."
When the defendant moved out, housing management conducted a videotaped walk-through of the apartment. According to McGovern, the defendant threatened her both before and after this videotape was made. The defendant also left several harassing phone messages on McGovern's answering machine, shortly following the move-out. The damages to the apartment totaled just under one thousand dollars and included holes and dents in the walls, writing and scribbling on the walls, a damaged heater system, a light fixture pulled from the ceiling, damage to the bathroom vanity, smoke alarm, kitchen faucet, refrigerator and punctured gas line.
The defendant did not testify at trial.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In these related assignments of error, addressed together by the defendant, the defendant argues, respectively, that the trial court erred in denying her motion in limine to exclude at trial evidence of the misdemeanor charges and the trial court, in failing to exclude this evidence, erred in denying her motion for new trial.
The defendant was charged on the same day in separate bills of information. The felony bill of information charged her with simple criminal damage to property, and the misdemeanor bill of information charged her with resisting an officer and telephone harassment. Both misdemeanor charges carried maximum sentences of a fine of not more than five hundred dollars or imprisonment for not more than six months, or both. See LSA-R.S. 14:108(C) & LSA-R.S. 14:285(C). On the day of trial, defense counsel filed a motion in limine to preclude introduction of any evidence connected to the telephone-harassment and resisting-arrest misdemeanor charges. Prior to voir dire, the motion in limine was taken up by the presiding judge. Specifically, defense counsel averred that the State could not join misdemeanors with a felony, stating that:
[T]he evidence against Ms. Kirsh in the misdemeanor matter has to do with telephone recordings that are alleged to be harassing in nature. If the State seeks to introduce any of that evidence of the *1228 misdemeanors, specifically the telephone recordings, we argue, first, it is barred by 404(B) because it's generally offered by the State only to prove Ms. Kirsh's bad character, as outlined in the motion, unless subject to an exception. For example, unless the recordings prove lack of mistake, motive, et cetera, the State cannot introduce this evidence under 404(B). Further, if the Court finds that the statements are admissible under 404(B), they also have to be admissible under 403. 403 says the statement must not be substantially more prejudicial, confusing to the jury or misleading than it is probative.
We argue here that, at best, the probative value of the statements and recordings would be Ms. Kirsh was very angry, and a very angry person might tend to do criminal damage. That probative value is minimal. It is not an essential element of the State's case in the criminal damage matter. The prejudicial nature of the statements, however, is great. They are full of profanity and racial epithets.
Ms. Kirsh herself believes that the prosecution is racially motivated. I cannot make a representation on that issue, but I can say it definitely colors the statements that she made. I am requesting to have the Court review the statements, if the State intends to introduce them, and make a ruling on 404(B) and 403.
One of the prosecutors then replied:
Your Honor, I don't think 404 applies as res gestae. You don't need 404(B) notice of res gestae. These statements were made during the time when the eviction proceedings were going on and taking place, and it's not like it's a two-minute crime. This eviction lasted for over thirty day [sic] to try to get her removed from those apartments. Those telephone calls came right at the end of those thirty days as she was being evicted. It's res gestae evidence that took place during the commission of her committing this crime, and they're admissible as such without 404(B) notice.
* * *
It goes to show that she had the intention to destroy this apartment way beyond normal wear and tear of an apartment that was in perfectly good condition ninety days before.
The trial judge informed counsel that he would rule on the motion after the jury was selected. Following voir dire, the trial judge denied the defendant's motion in limine, stating as follows:
As to the Motion in Limine, the Court has, during the break, reviewed the three recordings, although one is simply a continuation of the first, which is the subject of the Motion in Limine. The Motion in Limine is denied. The recordings in question obviously could be accepted by the jury in one of several ways: one having to do with exculpation; one having to do with intent; others having to do with simply whatever purpose the jury may draw from.
* * *
I am not sure that this is true 404(B) evidence since it is permissible under 493 of the Code of Criminal Procedure to try both the telephone harassment, which was inextricably interwoven with the underlying criminal damage charge, so it forms a portion of the elements of the alleged offense of telephone harassment. The prejudicial effect is certainly present, but the probative value outweighs that.
The defendant argues in brief that the trial judge was erroneous in his interpretation of LSA-C.Cr.P. art. 493. According to the defendant, because the misdemeanor charges and felony charge were not triable by the same mode of trial, joinder of those *1229 offenses was improper. The defendant further argues that evidence of the telephone harassment charge and of resisting an officer was irrelevant and did nothing more than prejudice the jury against her. The defendant was arrested about three months after the criminal damage to property allegations. Thus, the defendant avers, evidence surrounding her arrest was "nothing more than the facilitation of irrelevant and prejudicial information of another crime to convince the jury" that she was "a bad person of bad character." Further, this evidence had no independent relevancy in her felony trial. The defendant also argues that the harassing telephone calls did not "exhibit an intent" by her to have committed the crime of simple criminal damage to property. According to the defendant, the substance of the phone messages was essentially "a denial of the criminal charges in the felony matter." The defendant suggests that LSA-C.E. art. 404(B) allows only for the introduction of this type of evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. According to the defendant, the phone messages clearly amounted to a strong denial of these elements.
The trial court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. See State v. Galliano, 2002-2849 (La. 1/10/03), 839 So.2d 932, 934 (per curiam). On review, we find no reason to disturb the trial judge's ruling on the defendant's motion in limine to exclude other crimes evidence. While the trial judge's reasoning was erroneous, insofar as it intimated that joinder of the offenses was proper, his ultimate decision at trial to allow evidence of the defendant's phone messages was correct.
Louisiana Code of Criminal Procedure article 493 states:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Louisiana Code of Criminal Procedure article 495.1 provides: "If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires."
Consolidation of cases is governed by LSA-C.Cr.P. art. 706, which states:
Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
Louisiana Code of Criminal Procedure article 779 provides:
A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
*1230 Louisiana Code of Criminal Procedure article 782(A) provides, in pertinent part:
Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
Resisting an officer and telephone harassment are misdemeanors, with maximum sentences of six months; as such, they were not triable by a jury. See LSA-R.S. 14:108(C), LSA-R.S. 14:285(C), & LSA-C.Cr.P. art. 779(B). See also LSA-C.Cr.P. art. 493.1. Simple criminal damage to property (with damage from five hundred dollars to less than fifty thousand dollars) is a felony that may be punished with or without hard labor and, therefore, was triable by a jury. See LSA-R.S. 14:56 (B)(2) & LSA-C.Cr.P. 782(A). Thus, as correctly pointed out by the defendant, the two misdemeanor offenses (which were properly joined in the same bill of information) and the single felony offense (filed under a separate bill of information) were not triable by the same mode of trial and, thus, could not have been joined in a single indictment pursuant to LSA-C.Cr.P. art. 493.
There were no written or oral motions made by either the prosecutor or defense counsel, for joinder of the charges or for consolidation of the two bills of information. The felony and misdemeanor offenses were charged in separate bills of information, and thus, were not "joined." Consolidation occurs when offenses charged by separate bills of information are tried together in one trial. See LSA-C.Cr.P. art. 706. In this case, there was neither consolidation nor joinder. Instead, based on agreement by all parties, two separate trials were held simultaneously, with the felony charge being tried by the jury and the two misdemeanor charges being tried by the trial court alone.[2] See State v. Johnson, 98-604 (La.App. 5th Cir. 1/26/99), 728 So.2d 901, 904, writ denied, 99-0624 (La. 6/25/99), 745 So.2d 1187.
Although the separate trials occurred simultaneously, so that the jury heard all evidence relating to all three charges, the evidence of the harassing phone calls by the defendant was admissible as "res gestae" at the felony trial. The only evidence adduced at trial regarding the resisting-an-officer offense was through Officer Corey Pertuit, with the Slidell Police Department, who testified that there was an outstanding arrest warrant on the defendant, the defendant gave a false name when questioned by him, and she yelled and resisted being handcuffed.
Moreover, given the procedural posture of this trial, wherein defense counsel filed a motion in limine and supporting memorandum to exclude other crimes evidence but subsequently agreed on simultaneous bifurcated trials, none of the evidence adduced *1231 at trial regarding the three charged offenses was other crimes evidence. The State was required to establish the elements of each of the three substantive criminal charges against the defendant. Any intention or desire to have only the trial judge hear the evidence of the misdemeanor offenses and the jury hear evidence only of the felony offense was never communicated to the court at trial. While it appears the intent of the motion in limine was to keep certain evidence away from the jury so as to minimize any "bad character" evidence, defense counsel's written motion, oral arguments, and objections never conveyed any such strategic objective.
While both misdemeanors were alluded to in a one-sentence written motion in limine filed on behalf of the defendant on the day of trial, at the hearing on the motion in limine, defense counsel neither raised nor discussed the resisting-an-officer charge or how evidence of this offense would prejudice the defendant. The only offense at issue and addressed by both counsel at the hearing was the telephone-harassment charge. Similarly, in accord with defense counsel's actual arguments at the hearing, the trial judge's ruling set forth that he reviewed the phone messages, and that they were admissible other crimes evidence. Thus, at the motion-in-limine hearing, there was no mention, discussion, or ruling by the trial judge regarding the resisting-an-officer charge. The trial judge specifically noted in his ruling that, during the break, he had reviewed the three recordings, "which is the subject of the Motion in Limine." (Our emphasis).
During the State's case-in-chief, Officer Pertuit was questioned by another prosecutor. After Officer Pertuit testified that he had gone to the Slidell Village North Development on July 7, 2014, about two-and-one-half months after the defendant had damaged the property, defense counsel raised an objection regarding Officer Pertuit's testimony. The following colloquy occurred regarding this objection:
[Defense counsel]: Assuming he's about to introduce evidence of the remaining after forbidden-and it's included in the Motion in Limine-but we object to the joinder, attempting to try these cases together.
The Court: The only thing I saw joined was the telephone harassment and resisting an officer.
[Prosecutor]: This deals primarily with the resisting an officer. We're not going to get into the telephone harassment.
[Defense counsel]: All right. Well, I think the gravamen, the misjoinder, already mentioned in the Motion in Limine. Note my objection to joining the misdemeanor charges to the felony; they're not triable in the same mode of trial.
The Court: As to the resisting, I had assumed that the resisting arose in connection with the arrest on either the criminal damage or the telephone harassment.
[Prosecutor]: It's in the warrant.
The Court: It's in the warrant. Then, in that case, the objection is overruled. That was my understanding.
[Defense counsel]: To be clear, Judge, our position is the arrest happened three months after the alleged criminal activity; it cannot in any way be connected to whether she did or did not do the things that the warrants were put out for.
The Court: I understand your position, and that is correct. However, the fact of arrest on the warrant for the charge for which she's on trial is certainly germane.
[Defense counsel]: Only the fact, but nothing else.
*1232 The Court: And I'm allowing the resisting to go forward based on the fact that she resisted arrest to that warrant. I understand you disagree.
Thus, while defense counsel continued to object to wrongful joinder, it appears his concern was that evidence of the resisting-an-officer charge would constitute inadmissible other crimes evidence. Counsel could have requested that the jury be removed so that only the trial judge would hear the evidence of the defendant's resisting an officer. However, no such request was made. Moreover, the trial judge's finding that "the fact of arrest on the warrant for the charge for which she's on trial is certainly germane" (our emphasis), suggests the judge correctly viewed the testimony adduced from Officer Pertuit as evidence properly required for the State to establish the charged crime of resisting an officer, rather than as prejudicial other crimes evidence.
Nonetheless, because of the unusual posture of this bifurcated trial, and because defense counsel apparently sought to exclude evidence of the phone calls and resisting an officer as impermissible other crimes evidence, we will address the merits of the defendant's arguments on this issue.
Louisiana Code of Evidence article 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. In order to avoid the unfair inference that a defendant committed a particular crime simply because he is a person of criminal character, other crimes evidence is inadmissible unless it has an independent relevancy besides simply showing a criminal disposition. State v. Lockett, 99-0917 (La.App. 1 Cir. 2/18/00), 754 So.2d 1128, 1130, writ denied, 2000-1261 (La. 3/9/01), 786 So.2d 115.
Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. LSA-C.E. art. 401. All relevant evidence is admissible except as otherwise provided by positive law. Evidence which is not relevant is not admissible. LSA-C.E. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time. LSA-C.E. art. 403.
While other crimes or wrongful acts are prohibited from being used to prove the character of a person in order to show that he acted in conformity therewith, such evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." LSA-C.E. art. 404(B). Formerly known as "res gestae," evidence that constitutes an integral part of the crime is admissible without prior notice to the defense.
*1233 State v. Brown, 95-124 (La.App. 5th Cir. 5/30/95), 656 So.2d 1070, 1075. See Johnson, 728 So.2d at 910. In State v. Brewington, 601 So.2d 656, 657 (La.1992), the Louisiana Supreme Court stated:
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. [Citations omitted].
Here, the defendant was removed from her apartment on April 20, 2014. The defendant placed three phone calls to Teri McGovern, the owner and site manager of Slidell Village North Development, which comprised fifty units, including the defendant's apartment. The phone calls, recorded on McGovern's telephone answering machine, were placed by the defendant on April 21, 2014, and April 23, 2014 (with one call on April 21 and two calls on April 23). All three messages were profanity-laced tirades. The defendant was clearly very upset that she had been removed from the apartment. She repeatedly called McGovern a "white bitch" and accused her of trying to take things from black people. On the message she left the day after she moved out, the defendant erupted, "F--k white people, f--k the marshal, f--k all you cracker bitches..."; then, "I hate you mother f--kers and y'all gonna suffer for every f--king thing that y'all doing for black people and poor people period."
The evidence of these phone messages helped complete the State's presentation of the attendant circumstances of the felony crime on trial by proving the defendant's state of mind and the immediate context of events near in time and place. Integral act (res gestae) evidence incorporates a rule of narrative completeness without which the State's case would lose its narrative momentum and cohesiveness. See State v. Taylor, 2001-1638 (La. 1/14/03), 838 So.2d 729, 741-742, cert. denied, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004). We find any prejudicial effect from the challenged evidence did not rise to the level of undue or unfair prejudice when balanced against the probative value of the evidence. See LSA-C.E. art. 403. Moreover, the phone messages were admissible to establish the defendant's intention, inclination, and proclivity to damage the apartment. Accordingly, the other crimes evidence at issue had an independent relevance to show intent, motive, and opportunity pertaining to the instant offense and was therefore admissible for this purpose under LSA-C.E. art. 404(B)(1). See State v. Gatlin, 2014-298 (La.App. 5th Cir. 10/29/14), 164 So.3d 891, 896-97, writ denied, 2014-2518 (La. 9/25/15), 178 So.3d 565. See also State v. Scott, 2009-1658 (La. 10/22/10), 48 So.3d 1080, 1085 (per curiam).
We find, further, that even if the other crimes evidence of the phone messages and resisting an officer had been inadmissible, the admission of such evidence would have been harmless error. See LSA-C.Cr.P. art. 921. The erroneous admission of other crimes evidence is a trial error subject to harmless-error analysis on appeal. State v. Johnson, 94-1379 (La. 11/27/95), 664 So.2d 94, 102. The test for determining whether an error is harmless *1234 is whether the verdict actually rendered in this case "was surely unattributable to the error." Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) ; Johnson, 664 So.2d at 100.
In the instant matter, we are unable to find that the defendant was so prejudiced by the evidence as to negate the probative value of the phone messages. The defendant's apartment was videotaped when she moved in. There were no signs of damage indicated on the video walk-through. The apartment was again videotaped following the defendant's departure. The "move out" camera inspection, which occurred the day after the defendant moved out, revealed considerable damage to the apartment. The kitchen faucet was broken; there were holes, some quite large, in the walls throughout the apartment; the smoke alarm had been pulled down; refrigerator shelves were broken and missing; a closet door had been wrested from its bottom hinge; a light fixture globe was missing; another light fixture was missing, with the wires from that fixture pulled from the ceiling; the bathroom vanity was "full of cigarette burns" and had to be replaced; and on the heater system, the wires had been cut and the heater gas valve had been impaled by a screwdriver. Both videotapes were played for the jury. McGovern testified about the extensive damage to the apartment, including the costs of replacement and repair, and indicated that the total damages were $988.00. Accordingly, the State's evidence clearly established the defendant's guilt. As such, the guilty verdict rendered was surely unattributable to any evidence of phone messages from the defendant to McGovern, and any error in allowing such other crimes evidence to be presented to the jury was harmless. See Sullivan, 508 U.S. at 279, 113 S.Ct. at 2081.
Evidence of the defendant's conduct of resisting an officer did not have similar probative value as the phone messages and, as such, arguably constituted impermissible other crimes evidence. Nevertheless, as noted above, the evidence at trial so overwhelmingly established the defendant's guilt, that the guilty verdict rendered in this case for simple criminal damage to property was surely unattributable to any error of allowing at trial evidence that the defendant resisted an officer a few months later. See Sullivan, 508 U.S. at 279, 113 S.Ct. at 2081.
Based on the foregoing, the trial court did not abuse its discretion in denying the defendant's motion in limine to preclude other crimes evidence at trial. As such, there was no abuse of discretion in the trial court's denial of the motion for new trial.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER THREE
In the third assignment of error, the defendant argues that her three-year sentence is illegally excessive.
This assignment of error has merit. For the simple criminal damage to property conviction (damage from five hundred dollars to less than fifty thousand dollars), the defendant was sentenced to three-years imprisonment at hard labor (which was suspended, with the defendant placed on five years of supervised probation). The sentencing range for simple criminal damage to property where the damage amounts to five hundred dollars, but less than fifty thousand dollars, is zero to two-years imprisonment. See LSA-R.S. 14:56(B)(2). Thus, the defendant's sentence is illegally excessive.
*1235 The trial court apparently sought to sentence the defendant to the maximum period allowable under the law. Accordingly, we amend the suspended sentence to two-years imprisonment at hard labor, with probation and all conditions related to it to remain in place. Resentencing is not required. See LSA-C.Cr.R art. 882(A). We remand the case, however, and instruct the trial court to amend the minute entry of the sentencing and, if necessary, the commitment order. See State v. Benedict, 607 So.2d 817, 823 (La.App. 1st Cir.1992). See also State v. Miller, 96-2040 (La.App. 1 Cir. 11/7/97), 703 So.2d 698, 700-01, writ denied, 98-0039 (La. 5/15/98), 719 So.2d 459.
MISDEMEANOR CONVICTIONS AND SENTENCES AFFIRMED. FELONY CONVICTION AFFIRMED; SUSPENDED FELONY SENTENCE AMENDED FROM THREE TO TWO YEARS IMPRISONMENT AT HARD LABOR; FIVE YEAR SUPERVISED PROBATION PERIOD AND PROBATION RESTRICTIONS MAINTAINED; AND AFFIRMED, AS AMENDED. REMANDED WITH INSTRUCTIONS.
Guidry, J., dissents and will assign reasons.
McClendon, J., concurs in the result reached.

According to the trial judge's comments, he was under the belief that all parties consented to proceeding to trial on the felony and misdemeanor charges. However, only the felony docket number was called on the date of trial. As such, the judge stated that was the reason that the misdemeanor charges were not included on the jury instructions. The court then proposed that the misdemeanor be submitted to the court on the evidence that had been presented at the felony trial; otherwise, the misdemeanors would have to be tried at a later date. Defense counsel clarified that it had not been their belief that they were proceeding on the misdemeanor charges as well, as he had specifically objected to that in his pleadings. It is not until the sentencing hearing on the felony charge where defense counsel consented to trial of the misdemeanor charges and felony charges at the same time, whereupon the trial court issued this ruling on those charges.