GUIDRY, J., dissenting.
I respectfully disagree with the majority's decision affirming defendant's felony conviction for simple criminal damage to property. In the instant case, counsel for the defendant filed a motion in limine prior to trial seeking to exclude evidence of other crimes, including misdemeanor charges for telephone harassment and resisting an officer. The majority finds that with regard to the telephone harassment charge, which arose from three hostile and racially-laden phone messages left by the defendant on the owner and site manager's answering machine, this evidence was relevant and admissible as "res gestae" evidence. However, I disagree that the phone messages, which were made after the defendant was evicted from and moved out of her apartment and which made no reference to damaging the property at issue, "completed the State's presentation" of the offense of criminal damage to property or that the State could not have accurately presented its case without reference to this evidence. See State v. Brewington, 601 So.2d 656, 657 (La.1992). Further, the timing of the messages also belies the state's admissibility argument under La. C.E. art. 404(B)(1).
Furthermore, I disagree with the majority's determination that even if this other crimes evidence was inadmissible, the admission of such evidence was harmless error. As noted above, the content of the phone messages consisted of predominately racially and profanity laced comments directed to the complex owner and site manager. Accordingly, given the highly prejudicial content of the phone messages and the circumstantial evidence offered by the State as to the damage caused to the apartment, I cannot say beyond a reasonable doubt that the error in the admission of this evidence did not Contribute to the verdict obtained. See State v. Johnson, 94-1379 (La. 11/27/95), 664 So.2d 94, 100.
Finally, while the majority correctly notes that the admission of evidence regarding the defendant's conduct in resisting an officer lacked probative value and constituted impermissible other crimes evidence, I likewise disagree that admission of this evidence constituted harmless error.
Therefore, because I find that the trial court abused its discretion in denying defendant's motion in limine and likewise abused its discretion in denying defendant's *1236 motion for new trial, I respectfully dissent from the majority opinion.