**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 KA 0251

STATE OF LOUISIANA

VERSUS

SANDRA E. GAINES

**Judgment Rendered:**   **DEC 3 0 2020**

\* \* \* \* \* \*

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St Tammany
State of Louisiana
Docket Number 536912
Honorable Raymond S. Childress, Judge Presiding

\* \* \* \* \* \*

Warren L. Montgomery
District Attorney
J. Bryant Clark, Jr.
Matthew Caplan
Assistant District Attorneys
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Jane L. Beebe
Addis, Louisiana

Counsel for Defendant/Appellant
Sandra E. Gaines

\* \* \* \* \* \*

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**GUIDRY, J.**

The defendant, Sandra E. Gaines, was charged by amended grand jury indictment with two counts of aggravated rape (victim under the age of thirteen years),[1] violations of La. R.S. 14:42(A)(4) (counts I & II); and three counts of sexual battery (victim under the age of thirteen years), violations of La. R.S. 14:43.1 (counts III, IV & V).[2] She pled not guilty on all counts. Following a jury trial, she was found guilty as charged on all counts. On counts I and II, she was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On counts III, IV, and V, she was sentenced to twenty-five years imprisonment without benefit of parole, probation, or suspension of sentence. The trial court ordered that all sentences were to run concurrently with one another. The defendant now appeals, assigning error to the trial court's denial of her objection to testimony that the defendant gave the victim wine and had her watch adult films. For the following reasons, we affirm the convictions and sentences.

## FACTS

The victim, J.R.,[3] testified at trial. Her date of birth is November 22, 2000. The defendant is her mother. The victim's parents "split up" when she was four or five years old, and she briefly lived with her father. Thereafter, she lived with the defendant and the defendant's boyfriend, Robert Flowers, in Slidell and Covington.

The victim testified she was sexually abused by the defendant and Flowers. The abuse began when the victim was five or six years old. On more than one occasion, the defendant and Flowers ordered the victim to undress. Thereafter, the

---

[1]    2015 La. Acts Nos. 184, §1 and 256, §1 renamed the offense of aggravated rape as first degree rape.

[2]    Robert Cardell Flowers was charged by the same amended indictment with the same offenses. He separately appealed to this court, and his convictions and sentences were affirmed. See State v. Flowers, 16-0130 (La. App. 1st Cir. 9/19/16), 204 So. 3d 271, writ denied, 16-1871 (La. 9/6/17), 224 So. 3d 983.

[3]    The victim is referenced herein only by her initials. See La. R.S. 46:1844(W).

defendant and Flowers touched the victim on her chest and on her "private area," which the victim specified as her vagina. The defendant used her hands to touch the victim's breasts and vagina.

When the victim was between seven or eight years old and eleven years old, on multiple occasions, Flowers put his "private area" into the victim's mouth and vagina. The defendant was present and inappropriately touched the victim and Flowers during this abuse. The defendant touched the victim's chest and vagina with her hands and also put her hands inside the victim's vagina. When the victim was between seven years old and ten years old, on two or three occasions, the defendant touched the victim's chest and vagina with her mouth.

Additionally, the defendant "touch[ed] [the victim's] hair and guide[d] [the victim] towards [Flowers'] private area" during the abuse, and the defendant would keep her hand on the victim's head either "halfway through or just all the way through." The victim specified that by "through," she meant "until [Flowers] came." Flowers would finish, i.e., something would come out of his private, on the victim's back or chest. The defendant also "grab[bed] [the victim's] hips" and "show[ed] [the victim] what to do" on Flowers' "private area." The victim's clothes and the defendant's clothes were off during this abuse. The victim also testified that, on more than one occasion, the defendant abused her when Flowers was not present. The victim denied lying at trial so that she could live with her father, or because she was angry at the defendant for what Flowers did, or in order to protect her half-sister.

The defendant invoked her privilege against self-incrimination at trial. See United States Const. amend V; La. Const. art I, §16.

## EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

In her sole assignment of error, the defendant contends the trial court erred in allowing the admission of other crimes evidence, specifically testimony that the defendant gave the victim wine and had her watch adult films.

3

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. All relevant evidence is admissible except as otherwise provided by positive law. Evidence which is not relevant is not admissible. La. C.E. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. State v. Boudreaux, 11-0833 (La. App. 1st Cir. 11/9/11), 2011 WL 5394577, *2, writ denied, 11-2805 (La. 8/22/12), 97 So. 3d 352.

It is well settled that courts may not admit evidence of other crimes to show the defendant as a person of bad character who has acted in conformity with his or her bad character. La. C.E. art. 404(B)(1). Evidence of other crimes, wrongs, or acts committed by the defendant is generally inadmissible because of the substantial risk of grave prejudice to the defendant. However, the State may introduce evidence of other crimes, wrongs, or acts if it establishes an independent and relevant reason, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. La. C.E. art. 404(B)(1). Upon request by the accused, the State must provide the defendant with notice and a hearing before trial if it intends to offer such evidence. Even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. The State also bears the burden of proving that the defendant committed the other crimes, wrongs, or acts. Boudreaux, 2011 WL 5394577 at *2.

Any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. As used in the balancing test, "prejudicial" limits the introduction of probative evidence of prior misconduct only when it is unduly and

unfairly prejudicial. See Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Boudreaux, 2011 WL 5394577 at *3.

Louisiana Code of Evidence article 404(B)(1) also authorizes the admission of evidence of other crimes, wrongs, or acts when the evidence "relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." In State v. Brewington, 601 So. 2d 656, 657 (La. 1992) (per curiam), the Louisiana Supreme Court indicated its approval of the admission of other crimes evidence, under this portion of La. C.E. art. 404(B)(1), "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." Boudreaux, 2011 WL 5394577 at *3.

The res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances. Id. Further, the res gestae doctrine incorporates a rule of narrative completeness by which, "the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault." Id. (quoting Old Chief, 519 U.S. at 188, 117 S.Ct. at 654.). A trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion. State v. Day, 12-1749, p. 4 (La. App. 1st Cir. 6/7/13), 119 So. 3d 810, 813.

5

During her testimony at trial, the victim indicated that the defendant and Flowers had given her wine "during this time." The defense objected and a sidebar was held. Outside the presence of the jury, the trial court overruled the objection, holding that the testimony regarding the defendant giving the victim wine "is within the interval time of the alleged crime."

Upon the return of the jury, the State asked the victim if the defendant and Flowers had given her alcohol during periods of abuse. The victim answered affirmatively and indicated that, on more than one occasion, the defendant and Flowers had given her wine while abusing her. The State also asked the victim if, during those periods, the defendant and Flowers had shown her any sexual movies or photographs. The defense raised "the same objection as to the previous one," and the trial court again overruled the objection. Thereafter, the victim indicated that the defendant and Flowers, on more than one occasion, had used their phones or computers to show her "people having sex."

The defendant argues the challenged evidence was "purely prejudicial and was not probative" as it "was not material to proving any of [the elements of the offenses]." Initially, we note evidence admissible under La. C.E. art. 404(B) is not limited to elements of the offense at issue. See State v. Thom, 615 So. 2d 355, 362 (La. App. 5th Cir. 1993) ("we find no error in admitting evidence that the victim's child was present during the rape. Contrary to defendant's argument, it is not necessary for its introduction, that this evidence be an element of the offenses. The facts of the events clearly show that the child's presence in the room occurred while the acts constituting the rape were committed. Their proximity in time and place to the rape support a finding that they are an integral part of the rape."). Further, there was no abuse of discretion in the ruling concerning the challenged testimony.

The testimony of the victim that, *while sexually abusing her*, the defendant and Flowers gave her wine and showed her pornography was admissible as an integral

part of the crimes. See State v. Borne, 96-1130, p. 10 (La. App. 4th Cir. 3/19/97), 691 So. 2d 1281, 1286, writ denied, 97-1021 (La. 10/3/97), 701 So.2d 197, cert. denied, 523 U.S. 1009, 118 S.Ct. 1196, 140 L.Ed.2d 325 (1998) ("the victim testified at trial that the defendant forced him to watch the pornographic videotape while the defendant molested him.... the viewing of the tape constituted an integral part of the crime."); State v. Osborne, 593 So. 2d 888, 891 (La. App. 2d Cir. 1992), writ denied, 93-0781 (La. 4/21/95) 653 So. 2d 557 ("[t]he viewing of pornographic materials as a prelude to intercourse was connected with and part of the other admissible acts of sexual intercourse."). The synchronization of these acts with the acts of sexual abuse clearly establish that these details are admissible as part of the res gestae of the abuse. Thus, the State could not have presented a complete and accurate description of its case without reference to the challenged testimony.

Additionally, the admission of the challenged evidence was not unduly and unfairly prejudicial. The defense strategy at trial was to discredit the victim's account of the alleged sexual abuse. The defense argued "in America's holy war on sex offenders, it is a matter of gospel to believe the children no matter how improbable the claims, how inadequate the investigation, how suspect the credibility of the alleged victim, the children must be believed." The defense's theory was that the victim had been sexually abused by Flowers, but not by the defendant. According to the defense, the victim was falsely accusing the defendant because the victim was angry at the defendant for failing to protect her from Flowers. The defense also claimed the victim's allegations against the defendant were motivated by the victim's desire to live with her biological father, who had a "nice house" in Texas. Lastly, the defense urged the jury to reject the testimony of the victim because it was motivated by the victim's desire to protect her half-sister, who was seven years younger than the victim.

The defense's total denial of defendant's participation in the sexual abuse of

7

the victim made the challenged testimony highly probative on the issues of whether the defendant planned to sexually abuse the victim, the defendant's intent while sexually abusing the victim, the defendant's knowledge of the sexual abuse of the victim, and the defendant's identity as a perpetrator of the sexual abuse. See La. C.E. art. 404(B)(1). The prejudicial effect to the defendant from the challenged evidence did not rise to the level of undue or unfair prejudice when balanced against the probative value of the evidence.

This assignment of error is without merit.

**CONVICTIONS AND SENTENCES AFFIRMED**