# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

JOHN JACOB JENKINS

NO. 2023 KW 0723
PAGE 1 OF 2

OCTOBER 10, 2023

---

In Re:    John Jacob Jenkins, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 3085-F-2020.

---

BEFORE:   McCLENDON, HESTER, AND MILLER, JJ.

**WRIT GRANTED IN PART AND DENIED IN PART.** Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Evid. art. 401. Other crimes evidence is admissible under the integral act exception (formerly known as res gestae) when the evidence relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. See **State v. Brewington,** 601 So.2d 656, 657 (La. 1992) (*per curiam*). Integral act evidence in Louisiana incorporates a rule of narrative completeness without which the State's case would lose its narrative momentum and cohesiveness. See **State v. Taylor,** 2001-1638 (La. 1/14/03), 838 So.2d 729, 741, cert. denied, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004). See also **State v. Calloway,** 2018-1396 (La. App. 1st Cir. 4/12/19), 276 So.3d 133, writ denied, 2019-00869 (La. 1/20/21), 308 So.3d 1164. Current cases question whether the integral-act evidence under La. Code Evid. art. 404(B) remains subject to the balancing test of La. Code Evid. art. 403. **Taylor,** 838 So.2d at 745. In this case, the prejudicial effect of the evidence admitted does not substantially outweigh its probative value. Thus, we need not decide whether integral-act evidence presented under the authority of La. Code Evid. art. 404(B) must invariably pass the balancing test of Article 403. See **Taylor,** 838 So.2d at 745.

The video recordings recovered from relator's cellular phone are not other crimes or acts within the meaning of La. Code Evid. art. 404(B). Instead, the video recordings are evidence of conduct that constitute an integral part of the act (death by drug overdose) that is the subject of the present proceeding, as provided for by La. Code Evid. art. 404(B)(1). In addition, the recordings place the victim with relator shortly before or contemporaneous with her death. Thus, the State has established an independent and relevant reason for admission of the video recordings in (IMG_0259) and (IMG_0263). Prior to admission of the recordings, the district court should include an instruction informing the jury of the nature of the evidence, that the evidence consists of video recordings obtained from relator's cellular phone, and that the evidence is not being offered to prove the allegations, but for the sole

purpose of providing a complete picture of what transpired on the date in question. However, because the same conduct that is captured in the first recording (IMG_0255) is also captured in the second recording (IMG_0259), the ruling denying the request to exclude the first recording (IMG_0255) is reversed. In all other respects, the writ application is denied.

**PMc**
**CHH**

**Miller, J.,** concurs.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT